[No. 14777. Department Two. — August 25, 1892.]

PAULINA FINCHER, RESPONDENT, *v.* WILLIAM LAING MALCOLMSON, APPELLANT.

NEW TRIAL — ACCIDENT AND SURPRISE — ABANDONMENT OF CAUSE BY ATTORNEYS WITH CONSENT OF CLIENT. — A motion for a new trial by a defendant, upon the ground of accident and surprise, is properly denied, where it appears that the only facts constituting the alleged surprise and accident consisted of the withdrawal of a cross-complaint by the former attorneys of the defendant, and their failure to ask for a continu-

ance, or to be present at the trial, all of which was done after consulta-
tion with the defendant, and with his consent, with a view to a separate
action for damages against the husband of the plaintiff, there being no
charge that such attorneys were incompetent, unfaithful, or negligent.

ID. — MISTAKE OR INADVERTENCE. — There is no such ground for granting
a new trial as mistake or inadvertence, as distinguished from accident
or surprise.

FINDINGS — SECONDARY EVIDENCE NOT OBJECTED TO. — The fact that evi-
dence relied upon to sustain a finding or decision of the court was
secondary is immaterial, where it was not objected to, and no exception
was taken or reserved to its admission.

TRIAL — FAILURE TO ATTEND — WAIVER OF FINDINGS. — The failure of a
defendant to attend the trial is a waiver of findings under section 634 of
the Code of Civil Procedure, and the fact that the judgment erroneously
refers to findings, when none exist, is of no consequence.

ID. — TRIAL WITHOUT PASSING UPON DEMURRER — FAILURE TO OBJECT. —
The failure of the court to pass upon a demurrer to an answer is not an
error of which the defendant can complain, where he does not attend the
trial nor object to a trial at the time, and the plaintiff insists upon try-
ing the issues of fact.

APPEAL from a judgment of the Superior Court of
Fresno County, and from an order denying a new trial.

The facts are stated in the opinion.

*Edward Lynch*, for Appellant.

*Church & Cory*, for Respondent.

TEMPLE, C. — Defendant appeals from the judgment
and order refusing him a new trial.

The action is to quiet plaintiff's title to a tract of land.
The answer, after certain denials, sets out, as a further
answer and cross-complaint, an agreement between the
defendant and L. N. Fincher, husband of plaintiff, who,
it is averred, owned the land, by which agreement said
Fincher, in consideration of one dollar, agrees, at any
time within six months, to sell to defendant, or any one
he might name, the whole or any part of a tract of 320
acres of land, which included the tract in controversy.
The contract reserved the crop then growing, or required
compensation therefor at $2.80 per acre. There was a
provision for the extension of the time for performance.

It is averred that plaintiff knew all these facts, and

that the conveyance to her was made for the purpose of hindering, cheating, and defrauding the defendant; that defendant, within the time, elected to purchase on the terms proposed, and notified Fincher of the fact, and also that he would take the crop growing on the land at the stipulated price; that said Fincher refused to perform his part of the agreement, and is about to harvest the crop, which he avers is worth four thousand five hundred dollars, and he asks that said L. N. Fincher be brought in and made a party and required to answer; that he have specific performance of the agreement, and that a receiver be appointed to take possession of the crop.

To the answer and cross-complaint separate demurrers were interposed by plaintiff.

An order was obtained making L. N. Fincher a party, and he was duly served.

Before he had appeared herein the case was set down for trial. At the time set, the demurrers had not been disposed of, but counsel for both parties were in court. No objection was made on any ground to the trial, but defendant's counsel asked and obtained leave to withdraw his cross-complaint, without prejudice to his right to bring an action for damages against L. N. Fincher. Defendant's counsel then left the court-room, although fully aware that the trial was about to proceed, having concluded, as he says, that it would be better to make the entire suit against Fincher a suit for damages. The plaintiff obtained a judgment quieting her title against defendant, whereupon, having changed his attorneys, defendant moved for a new trial on the minutes of the court and upon affidavits.

The grounds of the motion were: 1. Accident; 2. Surprise; 3. Insufficiency of the evidence; 4. The decision is against law; 5. Mistake, inadvertence, surprise, and excusable neglect; and 6. That the evidence was insufficient to enable the court to find that plaintiff is or was the separate or sole or any owner of the land described in the complaint, or that she had any interest therein.

It is plain that there is nothing in the nature of acci-

dent or surprise shown by the affidavits. The trouble seems to be that his attorney withdrew his cross-complaint, failed to ask for a continuance, or to be present at the trial. But all this was done deliberately after consultation, possibly with bad judgment, but certainly there is found here no element of surprise or accident. According to the affidavits of his attorneys, which are corroborated by other affidavits, it was also done after consultation with defendant and with his consent. He denies this, and proceeds now as though his attorneys were the adverse party, and not his representatives. He is bound by the action of his counsel, and cannot avoid responsibility in this way. What they knew he knew; what they did as his attorneys he did. There is no charge that his attorneys were incompetent, unfaithful, or negligent. He seems to have had an outside adviser whom he trusted more than he did his counsel, and he concluded that their course was not the best, and so attempted to avoid it in this way. The court had ample grounds for believing that what was done was with his concurrence.

There is no such ground for granting a new trial as mistake or inadvertence, as distinguished from accident or surprise, already discussed.

There was evidence to sustain the conclusion that plaintiff was the owner of the property. It was secondary, — that is, was not the best evidence of the fact, — but it was not objected to. No exception was taken or reserved.

By failing to attend the trial, defendant waived findings. (Code Civ. Proc., sec. 634.) This is a statutory waiver. The fact, therefore, that the judgment erroneously refers to findings, when none existed, is of no consequence. The statute requires none under such circumstances.

The appellant was not injured by the failure of the court to pass on the plaintiff's demurrer to his answer. (*McCarthy* v. *Yale*, 39 Cal. 585.) Perhaps the fact that it had not been disposed of would have been a fact of some importance if defendant had objected to a trial at that

time.    But when plaintiff insisted upon trying the issue of fact, he waived his demurrer.

I think the judgment and order should be affirmed.

FOOTE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

MCFARLAND, J., DE HAVEN, J., SHARPSTEIN, J.