EDWIN W. WRIGHT *vs.* DANIEL G. ABBOTT.

Essex.    October 8, 1893. — January 6, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*New Trial — Verdict obtained by drawing Lots — Evidence of Officer in Charge of Jury.*

Upon the hearing of a motion for a new trial of an action, on the ground of misconduct of the jury, it is competent for the officer who had charge of the jury during their deliberations to testify to what he heard said and done by them in the jury room, for the purpose of showing that they decided the case by drawing a ballot from a hat in which ballots had been put, some marked for the plaintiff and some for the defendant.

MOTION for a new trial of an action of replevin, on the ground of misconduct of the jury, which consisted by agreement of eleven jurors, who returned a verdict for the plaintiff in the Superior Court.

At the hearing upon the motion, before *Richardson,* J., the defendant called as a witness John W. Tilton, a deputy sheriff, who had the charge of the jury during their deliberations on the case in their room; and, against the objection of the plaintiff, he testified substantially as follows:

"I heard their deliberations. I overheard what was said by them in the jury room. I heard the jury discussing the case, and I heard them state the result of a ballot. I heard one juror say that eleven ballots should be put into a hat, eight marked for the defendant, three marked for the plaintiff, that one member of the jury should be blindfolded and draw out a ballot, and that the jury should agree upon the result of the ballots so drawn out; then I heard them getting ready to take the ballot and to do it; there was a silence or pause after that during which something was being done apparently; and I heard the matter talked over by them after it was done, and I heard the result. I heard it stated by one of the jurors that the ballot drawn out was for the plaintiff. I heard these words, 'The ballot drawn out is for the plaintiff.' Shortly after, in a few minutes, the foreman rapped upon the door, and said the jury had agreed. The jury immediately came into the court and rendered the verdict."

It appeared that the witness was not actually inside the jury room when he heard their conversation testified to.

The plaintiff asked the judge to rule that the evidence of Tilton was incompetent, and inadmissible on the motion for a new trial; and that it was insufficient to set aside the verdict.

The judge refused so to rule; found that chance or lot was resorted to by the jury in making up their verdict, and that, before it was done, they had agreed to abide by the result of drawing lots as to the verdict which they should render; and set aside the verdict, and granted a new trial.

The plaintiff alleged exceptions.

*J. C. Sanborn,* for the plaintiff.

*J. P. Sweeney,* for the defendant.

FIELD, C. J. The single question in this case is whether, on a motion for a new trial on account of the alleged misconduct of the jury, it is competent for a deputy sheriff who had the charge of the jury during their deliberations in the jury room to testify

to what he heard said and done by the jury, in the jury room, for the purpose of showing that the jury decided the case by lot, or by the drawing of a ballot from a hat in which ballots had been put, some marked for the plaintiff and some for the defendant.

It is certainly not the duty of an officer in charge of a jury to listen to the deliberations of a jury in the jury room; but if he does, his testimony cannot be excluded on the ground that his knowledge was obtained in this manner, if it is otherwise competent. The rule excluding testimony of the conduct of jurors in the jury room when deliberating upon a verdict ought to have some limits. It seems that, in England, it has been finally settled that the affidavit of a juror will not be received to show that the verdict was determined by lot. *Vaise* v. *Delaval*, 1 T. R. 11. *Owen* v. *Warburton*, 1 B. & P. 326. *Straker* v. *Graham*, 7 Dowl. Pr. Cas. 223, 225. The weight of authority in this country also is that the affidavits or the testimony of jurors to show such a fact will not be received. *Dana* v. *Tucker*, 4 Johns. 487. *Cluggage* v. *Swan*, 4 Binn. 150. *Brewster* v. *Thompson*, Coxe, 32. *Grinnell* v. *Phillips*, 1 Mass. 530, is regarded as overruled in *Woodward* v. *Leavitt*, 107 Mass. 453, 461, 462. It has always been held that, if a verdict is obtained by resorting to chance or by drawing lots, it will be set aside. *Mitchell* v. *Ehle*, 10 Wend. 595. *Donner* v. *Palmer*, 23 Cal. 40. *Ruble* v. *McDonald*, 7 Iowa, 90. *Birchard* v. *Booth*, 4 Wis. 67. *Dorr* v. *Fenno*, 12 Pick. 521. *Forbes* v. *Howard*, 4 R. I. 364. In *Vaise* v. *Delaval*, *ubi supra*, where a verdict was obtained by tossing up, Lord Mansfield said: "The court cannot receive such an affidavit from any of the jurymen themselves, in all of whom such conduct is a very high misdemeanor; but in every such case the court must derive their knowledge from some other source; such as from some person having seen the transaction through a window, or by some such other means."

In *Wilson* v. *Berryman*, 5 Cal. 44, the verdict was what is called a quotient verdict, and the court, while conceding that the affidavit of a juror could not be received, admitted the affidavit of the under sheriff that the affidavit of the juror was true.

Either the law that a verdict must be set aside if determined by lot is nugatory because the fact cannot be proved, or there

must be a possible means of proving it. If, on grounds of public policy, the affidavits or the testimony of jurors concerning what took place in the jury room is excluded, as well as evidence of their subsequent declarations on the subject, still we are of opinion that independent evidence should be admitted, and that the consequences to be apprehended from admitting such evidence are less harmful than the consequences of forbidding all inquiry into such a matter. We think that the presiding justice properly refused to rule as requested.

*Exceptions overruled.*