SELWYN OPERATING CORPORATION, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4851.   Promulgated April 16, 1928.

*Ben Jenkins, Esq., D. J. Shorb, Esq.,* and *Earle W. Wallick, Esq.,* for the petitioner.

*J. Arthur Adams, Esq.,* for the respondent.

#### MEMORANDUM AND ORDER.

TRUSSELL: This matter comes before us upon motion of the petitioner filed October 26, 1927, to set aside a final order of redetermination entered on May 7, 1927, and for leave to file an amended petition. This amended petition, submitted, recites an absolutely different state of facts from those set up in the original petition and testified to by petitioner's witnesses on the hearing, and alleges that petitioner was not an organized corporation until December 12, 1920, and only began business on that date and had no taxable income whatsoever during the calendar years 1919 and 1920. It asks a rehearing of the appeal.

The original petition in this case, filed on June 13, 1925, appealed from respondent's determination of petitioner's tax liability for the calendar years 1919 and 1920. It charged error on the part of respondent in denying petitioner classification as a personal service corporation during those years. It asked in the alternative a computation of tax under section 303 or section 328 of the Revenue Act of 1918. It alleged that petitioner was a corporation organized in 1918 and operated as such during the taxable years in question.

This appeal was heard on December 7, 1925, and proof presented by petitioner of its character as a corporation, certain of its officers testifying to having served as such during the taxable years involved. On December 8, 1926, the Board rendered its decision (reported in 5 B. T. A. 723) denying petitioner classification as a personal service corporation, but holding that it was entitled to computation of its tax under section 328 of the Revenue Act of 1918. After several hearings upon a motion by respondent for redetermination of the

deficiencies under the decision rendered, a final order was entered on May 7, 1927, determining the deficiencies for the two years to be $18,070.87 and $27,574.15, respectively.

The rule is clear and unquestioned that, although a motion or petition for a new trial or rehearing is addressed to the discretion of the court and this discretion may be broadly exercised, there must be some legal ground for the action sought, both alleged in the pleading and proven to the satisfaction of the court. *State* v. *Place* (S. D.), 107 N. W. 829; *Ohio Railroad Co.* v. *Stein* (Ind.), 31 N. E. 180; 19 L. R. A. 733.

A new trial or rehearing is granted to avoid the doing of some injustice in carrying into effect the judgment, for the reason that it is predicated on a trial in which some substantial error was committed by which the losing parties' rights were prejudiced or there was fraud or mistake or since the trial new evidence has been discovered which if introduced at the trial would have probably changed the finding. 20 R. C. L. 218; *State* v. *Fisher* (Mo.), 130 S. W. 35; *Crim* v. *Handley*, 94 U. S. 652; *Martinton* v. *Fairbanks*, 112 U. S. 670; *Capital Traction Co.* v. *Hobb*, 174 U. S. 1.

A rehearing will not be granted merely because the losing party or his counsel did not exercise prudence or erred in judgment and can probably make a better case or defense on another trial. *Fincher* v. *Malcomson* (Cal.), 30 Pac. 835; *Holderman* v. *Jones* (Kans.), 34 Pac. 352; *Malry* v. *Grant* (Tex.), 48 S. W. 615.

The petition for rehearing sought to be filed herein is merely an expression of petitioner's desire to be given an opportunity to present his case again and to introduce an entirely new and contradictory set of facts to those testified to on the former hearing. It is wholly insufficient in that it fails to state a legal ground for the action sought or facts that would show a legal ground, nor is it supported by affidavits or other proof detailing the facts relied upon. *Grier* v. *State* (Ga.), 123 S. E. 210; *Walton* v. *Bushy* (Ga.), 94 S. E. 562; *Hobbs* v. *Smith* (Okla.), 115 Pac. 347; 34 L. R. A. (N. S.) 697; *Root* v. *Brewster* (Ia.), 36 N. W. 649; *Wright* v. *Abbott* (Mass.), 36 N. E. 62; *Cupps* v. *State* (Wis.), 98 N. W. 946.

Setting aside for the moment the question of the technical deficiency in form of the petition and the absence of supporting affidavits, it may be gathered from the statement of petitioner's counsel on the hearing of the motion that the only ground of the application is a wish to present evidence varying widely from that introduced by petitioner on the hearing and it was not even stated that such evidence was newly discovered, but was admitted to have been in possession of counsel shortly after the hearing and almost a year prior to the rendering of the Board decision on December 8, 1926, and it is shown to have been such evidence as could have been

readily procured before the hearing had even reasonable diligence been exercised.

Instead of using such diligence and developing this evidence before the hearing the books and records of petitioner were examined after that time and this examination is alleged to have shown the new and different facts now desired to be introduced on a rehearing and the incorrectness of the facts formerly testified to and then being considered by the Board. Instead of applying at that time for a rehearing, petitioner made no move to correct the misstatement of facts made by it on the hearing but awaited a decision upon the facts as originally alleged and testified to, and that decision being against it, now comes and asks that it be set aside and a rehearing granted with leave to amend its petition and allege the different state of facts which it is admitted have been known to it for nearly two years.

Even had the petition been sufficent in form in stating the grounds for the action sought and supported by affidavits giving the evidence in detail, together with all the facts in connection with its discovery, it would not support the granting of a rehearing as it fails wholly to meet the requirements of newly discovered evidence justifying such action. *People* v. *Williams* (Ill.), 89 N. E. 1030; *Vickers* v. *Phillip Carry Co.*, 151 Pac. 1023; L. R. A. 1916C, 1155.

The courts look with little favor on requests for rehearings on the ground of newly discovered evidence and apply stringently the rule requiring the party asking such action to show affirmatively that the failure to ascertain the additional facts prior to the hearing was due to no lack of diligence on his part.

In *Hobbs* v. *Smith*, *supra*, the court said:

A party is entitled to have his day in court; both parties are entitled to this, but neither party is entitled to have more than one fair, reasonable opportunity to establish his claim or defense. To allow more would be to protract litigation to the extent which would preclude the administration of justice.

The petitioner here asks a rehearing to present facts of which it had knowledge many months before the decision of this Board was rendered but which it made no move to disclose until after that decision proved to be adverse to its contention. There is no doubt in our minds from its action that had our decision been favorable to petitioner, the benefits would have been accepted without question, and we would have heard nothing of the facts it now asks leave to present. The motion is *denied*.