Eugene Richardson and Anna W. Richardson, husband and wife, et al. [1] v. Commissioner. Richardson v. Commissioner
Docket Nos. 47539, 47540, 48256, 59765. .
United States Tax Court
T.C. Memo 1958-59; 1958 Tax Ct. Memo LEXIS 172; 17 T.C.M. (CCH) 297; T.C.M. (RIA) 58059; April 10, 1958
*172 Elden McFarland, Esq., for the petitioners. Robert C. Whitley, Esq., for the respondent. KERN Supplemental Memorandum Findings of Fact and Opinion KERN, Judge: By leave of Court, granted September 9, 1957, respondent filed herein a "Motion for Reconsideration" in which he moved "that the portion of the opinion ( T.C. Memo 1957-122 [16 TCM 518]) promulgated in these proceedings on June 28, 1957 involving the liability of Richardson Bros., Inc. for deficiencies in income tax, declared-value excess profits tax, and excess profits tax and the liability of Eugene and Anna W. Richardson, Docket No. 48256, as transferees of Richardson Bros., Inc. for these deficiencies be vacated and that the record be reconsidered * * *." In his motion respondent points out that "[in] the statutory notice of liability, the respondent made changes in the excess profits tax credit of the transferor * * * for each of the taxable years * * * 1942, * * * 1943, and * * * 1944 * * *"; that no issues were raised in the pleadings in regard to these changes; that some deficiencies in tax would be due from the transferor on account thereof, even though no changes were made in net *173 income as reported for those years and, as a result of changes required by our opinion herein, a net deficiency in excess profits tax of the transferor will exist for each of these years; and that the Court erred (inadvertently) in its statement in the opinion herein that there was no tax liability on the part of the transferor for those years, and in its conclusion, on account thereof, that it need not consider the question of the transferee liability of petitioners in Docket No. 48256. The concluding paragraph of the motion reads as follows: "Since the respondent's computation reveals that there are deficiencies due from Richardson Bros., Inc., transferor, the respondent asks that the Court reconsider its holding that there are no deficiencies due from Richardson Bros., Inc., transferor, and that it then give consideration to the questions involving the liability of Eugene and Anna W. Richardson, Docket No. 48256, as transferees for these deficiencies which were not covered by the opinion of the Court promulgated on June 28, 1957." In reply to this motion, petitioners filed a memorandum in opposition together with an alternative motion "(1) for Leave to Amend Pleadings in Conformity *174 with Proofs to Claim Refund and (2) for Certain Additional Findings" in Docket No. 48256. Petitioners also filed a "Motion for Leave to File Motion for Limited Purpose of Establishing Correct Portion of Gross Sales to Foreign Vessels; and Alternative Motion for Revision of Findings" in Docket Nos. 47539, 47540, and 59765. We will take up respondent's motion and petitioners' alternative motion in Docket No. 48256. Docket No. 48256 Because it bears directly on the transferee liability, we will first consider petitioners' motion. In this motion petitioners contend that there have been overpayments by Richardson Brothers, Inc. (hereinafter called the corporation), of parts of its income taxes paid for the fiscal years 1942, 1943, and 1944. This contention is based on two items: (a) The deductibility, as alleged in the motion, of the commissions determined by the Court to have been paid by the corporation during the years in question; and (b) the deductibility of an amount of $400 paid by the corporation to its officers during the fiscal year 1942 but not deducted on the corporation's income tax return. If this motion is granted, there will result overassessments of income taxes *175 of the corporation for all of the years in addition to the overassessments determined by respondent for 1943 and 1944. It is our opinion that petitioners' motion should be granted insofar as the fiscal year 1942 is concerned, but denied with reference to the fiscal years 1943 and 1944. Rule 17(d) of the Tax Court Rules of Practice provides that: "(d) To conform pleadings to proof. - The Court may at any time during the course of the trial grant a motion of either party to amend its pleadings to conform to the proof in particulars stated at the time by the moving party." * * * The instant motion, insofar as it relates to the fiscal years 1943 and 1944, was made by petitioners not only after the hearing of the case but after the opinion had been issued, and is therefore untimely. However, insofar as it relates to the fiscal year 1942, the situation is different. At the original hearing in this proceeding, petitioners' counsel made an oral motion "to amend [the] petition without the allegation of any additional facts but merely to claim as a refund of corporate tax for the year 1942 such amount as may be determined by the court under the Rule 50 computation as being an overpayment. *176 " This oral motion was granted and counsel was instructed to file the motion before the end of the hearing. Thereafter, pursuant to this instruction, petitioners filed an amendment to their petition adding the following paragraph: "4(K) Respondent erred in not determining an overpayment of the income tax, declared value excess profits tax, and excess profits tax of Richardson Brothers, Inc., for the fiscal year 1942." Thus, the instant motion, insofar as it reiterates and elaborates the matters alleged in the amendment to the petition made at the time of the trial relating to the fiscal year 1942, presents matters which we consider to be properly before us. In our original opinion we affirmed respondent's determination of the unrecorded and unreported income received by the corporation. We also found that the corporation paid commissions of 5 per cent of its sales to foreign vessels, and that 50 per cent of its sales during the war years represented sales to foreign vessels. On page 13 of our original opinion we said: "Richardson Brothers, Inc., paid commissions to captains and other officers of foreign ships in the taxable years 1942, 1943, and 1944, in the respective amounts *177 of $5,878.74, $4,592.56, and $7,186.15." These figures, however, were erroneous. They did not take into account the unreported and unrecorded sales for the year 1942, and they erroneously included the amounts received for launch hire. See infra. For these reasons, we now find that the corporation paid commissions to captains and other officers of foreign vessels in the taxable year 1942, and is entitled to a deduction therefor in the amount of $5,652.47. Our original opinion is modified accordingly. In our original opinion we found as a fact that Eugene and J. W. had filed amended tax returns for the fiscal year 1942, reflecting additional salaries received from the corporation at that time. Respondent has included the tax on this additional income in the respective statutory notices. The corporation, which was entitled to a deduction for salaries paid to Eugene and J. W. of $14,358.30, actually deducted only $13,958.30 on its return for the fiscal year 1942. The corporation should be allowed to deduct the difference of $400. Respondent's motion to have the Court reconsider its holding that there are no deficiencies due from the corporation and to reconsider the transferee liability *178 of Eugene and Anna will be granted. We now consider the question of transferee liability, bearing in mind the results of our actions in connection with petitioners' amendment and motion relating to the fiscal year 1942. Corporate stockholders are severally liable as transferees to the extent of all assets received on liquidation for payment of the taxes of the corporation. Phillips v. Commissioner, 283 U.S. 589. The burden of proving the petitioners liable as transferees is put upon the respondent by section 1119(a) [2] of the Internal Revenue Code of 1939. The respondent must establish that the petitioners received assets of the corporation, the value of such assets received, and that the corporation was either insolvent at the time of the transfer, made insolvent by the transfer, or that the transfer was one of a series of distributions in complete liquidation which left the corporation insolvent. Aurore B. Benoit, 25 T.C. 656, modified 238 Fed. (2d) 485; J. Warren Leach, 21 T.C. 70; R. E. Wyche, 36 B.T.A. 414. *179 In our original opinion we found as facts that: (1) The corporation ceased business on November 30, 1944, and thereafter was in the process of liquidation; (2) its operating assets were transferred to the partnership on the next day and the corporation's charter was canceled by the State of South Carolina on December 14, 1944; (3) Eugene, acting as liquidating trustee, converted the remaining corporate assets to cash and paid the remaining corporate debts; and (4) Eugene then made periodic cash distributions to the stockholders in proportion to their stockholdings. However, respondent has failed to prove that the corporation was insolvent at the time of the transfer or made insolvent by the transfer. After the last payment by Eugene as liquidating trustee to Eugene and J. W. as stockholders in 1949, the corporation's special bank account still contained $6,750.31, which amount was later seized by the respondent. In addition to this cash asset, the corporation had further assets consisting of claims against the Government for overassessment of income taxes for the fiscal years 1943 and 1944 in the amounts determined by the respondent in the statutory notice, and for overassessment *180 of income taxes for the fiscal year 1942 in an amount to be computed pursuant to our findings and opinions herein. The respondent has failed to prove that these assets are not more than sufficient to offset the deficiencies in excess profits taxes for the years here involved as computed in accordance with our findings and opinions herein. It is our opinion, therefore, that there is no transferee liability attributable to Eugene and Anna. The Rule 50 recomputation will determine the amount of taxes due from the corporation and the amount of money, if any, which should be refunded to Eugene as liquidating trustee of the corporation. Docket Nos. 47539, 47540, 59765 Petitioners' motion for leave to file a motion for the limited purpose of establishing the correct portion of gross sales to foreign vessels must also be denied. The ground of this motion is that the Court's statement, on page 21 of our original opinion, to the effect that 65 per cent of the sales of the partnership was to foreign ships and that the commissions paid to the officers of such ships amounted to 5 per cent of such sales was in error. In support of this contention, petitioners have submitted an affidavit made *181 by Eugene. Petitioners are in effect asking us to grant them a rehearing on the question of the amount of commissions paid. The original hearing in these cases lasted for almost 5 trial days. The transcript of the record covers 785 pages. Eugene's testimony alone covers 79 pages, including direct examination, cross-examination, redirect examination, and re-cross-examination. Petitioners had ample opportunity to prove the frequency and amounts of both sales to foreign ships and the commissions paid to officers of foreign ships on account of such sales. Petitioners do not now claim to have uncovered any new evidence. At the previous hearing, they failed to prove sales to foreign ships and commissions in amounts greater than those set forth in our opinion. We cannot allow petitioners to reopen the cases to further attempt to carry a burden which they failed to carry in the previous hearing. Selwyn Operating Corporation, 11 B.T.A. 593. In the alternative, petitioners have filed a motion for "Revision of Findings." This motion should be granted. In our previous opinion, we concluded that 65 per cent of the partnership's sales had been made to foreign vessels and that commissions *182 in the amount of 5 per cent of such sales had been paid to officers of the foreign ships. In our Findings of Fact, however, the monetary amounts appearing on page 13 were erroneous on account of two items, viz., the amounts received as sales but not recorded or reported as income by the partnership, and the amounts included in gross income attributable to launch hire. Our conclusion that 65 per cent of the partnership's income was attributable to sales to foreign vessels must, of necessity, include both the reported and unreported sales. The petitioners have failed to carry their burden of proof with respect to the amount of unreported sales. Indeed, in the original proceeding they did not seriously contest the amounts determined by the respondent as being receipts from such sales. Therefore, the amount of unreported sales to be used in determining the deductible commissions is the amount determined by the respondent in the statutory notice of deficiency. The record in these cases, however, does not justify including amounts received for launch hire in the amount from which the commission is to be calculated. As we said on page 20 of our previous opinion: "We are persuaded by the *183 record herein that the corporation and the partnership followed the long-established custom of paying commissions to officers of foreign ships in the average amount of 5 per cent of the invoice price of goods sold to such ships * * *." [Italics supplied.] For these reasons, we now find that the commissions paid to captains and other officers of foreign ships in the taxable years 1946, 1947, and 1948 by the partnership were in the respective amounts of $10,094.86, $10,553.09, and $5,796.11 in accord with our conclusion that the commissions amounted to 5 per cent of 65 per cent of the total sales of goods of the partnership, reported and unreported, but not including amounts received for launch hire. Our original opinion is modified accordingly. On our own motion, for the reasons set forth above, we further modify the original opinion in these cases so as to have the commissions reflect the unreported income and not amounts received for launch hire. We find as facts that commissions were paid to captains and other officers of foreign ships by the corporation in the fiscal years 1943 and 1944 in the respective amounts of $4,529.69 and $7,093.67, and by the partnership during the *184 fiscal year 1945 in the amount of $8,534.26. In view of the fact that no issue has been properly raised at this hearing concerning these years, these figures will not affect the recomputation. Respondent's Motion for Reconsideration in Docket No. 48256 will be granted. Petitioners' Motion (1) for Leave to Amend Pleadings in Conformity with Proofs to Claim Refund and (2) for Certain Additional Findings in Docket No. 48256 will be granted for the year 1942 and denied for the years 1943 and 1944. Petitioners' Motion for Limited Purpose of Establishing Correct Portion of Gross Sales to Foreign Vessels in Docket Nos. 47539, 47540, and 59765 will be denied. Petitioners' Alternative Motion for Revision of Findings in Docket Nos. 47539, 47540, and 59765 will be granted. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Eugene Richardson, Docket No. 47540; Eugene Richardson and Anna W. Richardson, Docket No. 48256; Estate of J. W. Richardson, Deceased, Eugene Richardson, Executor, Docket No. 59765.↩
2. SEC. 1119. PROVISIONS OF SPECIAL APPLICATION TO TRANSFEREES. (a) Burden of Proof. - In proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax.↩