Jack Rose v. Commissioner.
Rose v. Commissioner
Docket No. 957-70.
United States Tax Court
T.C. Memo 1971-147; 1971 Tax Ct. Memo LEXIS 187; 30 T.C.M. (CCH) 644; T.C.M. (RIA) 71147; June 17, 1971, Filed Jack Rose, pro se, 23999 W. Ten Mile Road, Southfield, Mich.Gary F. Walker for the respondent. 645 STERRETT
Memorandum Findings of Fact and Opinion STERRETT, Judge: Respondent determined a deficiency of $8,367.93 in petitioner's income taxes for 1966. *188 Due to concessions by respondent, the only issue remaining for decision is whether certain attorney fees paid by petitioner on the behalf of his wife constitute alimony or separate maintenance deductible under section 215. [1]
Findings of Fact Jack Rose (hereinafter referred to as petitioner) resided in Southfield, Michigan, at the time of filing his petition herein. Petitioner filed his individual 1966 Federal income tax return with the internal revenue service center, Cincinnati, Ohio. Prior to 1966, petitioner's wife, Doris Wertheimer Rose (hereinafter referred to as Doris), sued him for divorce in the Circuit Court for the County of Oakland in Pontiac, Michigan. Doris was represented by an attorney. On February 7, 1966, the Circuit Court entered an order directing petitioner to pay $3,000 to Doris' attorney as interim counsel fees. The ordered payment was made by petitioner from a fund previously deposited with the Circuit Court. Petitioner resisted his wife's suit for divorce. On April 20, 1966, the Circuit Court found in favor of petitioner, and dismissed Doris' action *189 with prejudice. On his 1966 Federal income tax return, petitioner claimed a deduction for alimony in the amount of $6,750, of which $3,000 represented the attorney fee of Doris paid under the Circuit Court order. Respondent, in a statutory notice dated November 25, 1969, said: Attorney fees totaling $3,000.00, paid on behalf of your wife, Doris Rose, do not qualify as deductions of alimony under Section 215 of the Internal Revenue Code. Opinion Petitioner paid his wife's attorney fees in a contested divorce action. The question before us is whether petitioner can deduct these fees as alimony or separate maintenance. Section 215 permits a husband to deduct alimony or separate maintenance payments to his wife provided those payments are includable in the wife's income under section 71. Under section 71(a) such payments are includable in the wife's income only if they are "periodic payments" which the husband is obliged to make pursuant to a decree of divorce or separate maintenance, a written separation agreement, or a decree for support. Under section 71(c) (1) periodic payments specifically do not include "installment payments discharging a part of an *190 obligation the principal sum of which is, * * * specified in the decree." Respondent contends that the attorney fees in question do not qualify as periodic payments under section 71. Petitioner asserts that the issue of whether the payments are periodic has not been raised before and that the burden of proof is on the respondent. Petitioner's contention is misplaced. It is perfectly acceptable for respondent in the statutory notice to state the reasons for his determination in broad language and then, upon submitting the matter to the Court, narrow the grounds for his determination to a specific theory consistent with and inherent in the original determination. Arthur Sorin, 29 T.C. 959, 969 (1958). Clearly, such is the case here, because as noted above, payments are not deductible under section 215 unless they are includable in the wife's income under section 71. Consequently, the burden of proof does not shift to respondent, and his determination remains presumptively correct. The evidence does not reveal the existence of a decree or agreement requiring petitioner to pay his wife alimony or separate maintenance. Assuming that such a decree or agreement exists and *191 that the terms of the Circuit Court's February 7, 1966 order requiring petitioner to pay his wife's alimony fees were made part of such decree or agreement, those fees are nonetheless not deductible as alimony or separate maintenance. This Court has consistently held that the payment of a wife's attorney fees under the circumstances here present does not constitute a periodic payment, and consequently is not deductible by the husband, and we so hold in this case. F. Ewing Glasgow, 21 T.C. 211, 218 (1953); Arthur B. Bear, 16 T.C. 1418, 1422 (1951) affirmed on this point, 196 F. 2d 646 (C.A. 8, 1952). Petitioner in his brief requests an additional hearing in which to offer evidence on the question of whether the attorney 646 fees here constituted a periodic payment. It is quite clear that anything the petitioner could advance in such a hearing would not change the result of this case. Accordingly a new hearing is not warranted, and is denied. Selwyn Operating Corporation, 11 B.T.A. 593, 594 (1928). Because of concessions by respondent and in accordance with the foregoing; Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩