DENNIS R. HAYDON AND KRISTINE S. HAYDON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Haydon v. Commissioner
Docket No. 22828-87
United States Tax Court
T.C. Memo 1991-42; 1991 Tax Ct. Memo LEXIS 61; 61 T.C.M. (CCH) 1770; T.C.M. (RIA) 91042; February 5, 1991, Filed *61 B. W. Enlow, for the petitioners. Willard N. Timm, Jr., for the respondent. PARKER, Judge. PARKER
SUPPLEMENTAL MEMORANDUM OPINION This case is before the Court on petitioners' motion for reconsideration. [1] *62 The opinion in this case was filed on October 23, 1990. The issue in the case was whether Solomon Co., petitioner Dennis R. Haydon's [2] employer, had granted him stock options pursuant to a qualified or a nonqualified plan. After petitioner exercised these options, Solomon Co. had merged into Service Merchandise. We held that petitioner had failed to establish that the option was granted under a qualified incentive stock option plan ( Haydon v. Commissioner, T.C. Memo 1990-551, filed October 23, 1990). On December 24, 1990, petitioners timely filed a motion for reconsideration under Rule 161. See supra note 1. As the basis for this motion, petitioners assert that they had "extreme difficulties" in producing documents for trial, and that they were only recently able to obtain the desired information. Petitioners state that "The law firm of Skadden, Arps, Slate, Meaghan (sic) & Flom, counsel to Service Merchandise, graciously consented to search their files and have furnished the materials now offered as exhibits and submitted in support of this motion." Petitioners proffer five documents in support of this motion. Document 1 appears to be a letter, dated August 12, 1982, from Skadden, Arps, Slate, Meagher & Flom to attorney Stewart Kresge concerning shares for the options to purchase shares of Solomon Co. outstanding at the time of the merger with Service Merchandise. Document 2 appears to be a letter, dated June 4, 1982, from Mr. Haydon to Judith Solomon concerning his exercise of the option to purchase 50,000 shares of *63 Solomon Co. common stock at the purchase price of $ 1 per share. Document 3 purports to be the stock option plan agreement that was annexed to petitioner's employment contract. Petitioner admits that "read alone," this agreement "sheds no light on the issue of the identity of the Plan to which it refers." Document 4 is entitled "Form of Stock Option under 1980 Stock Option Plan" and is provided only for the sake of comparison. Document 5 purports to be the stock option plan agreement that was annexed to Mr. Whalen's employment contract. Petitioners do not disclose when they first requested these documents from the law firm of Skadden, Arps, Slate, Meagher & Flom. Petitioners also do not explain why they could not have obtained these documents from that law firm prior to trial. In Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989), the Fourth Circuit held: in order to support a motion for reconsideration, "the movant is obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." *64 Evidence that is available to a party prior to entry of judgment, therefore, is not a basis for granting a motion for reconsideration as a matter of law. [Emphasis in original; citations omitted.]
Although Boryan dealt with Rules 59 and 60 of the Federal Rules of Civil Procedure, we have held that cases interpreting these rules are precedents in regard to motions for reconsideration and motions to vacate decisions under Tax Court Rules 161 and 162. Estate of Kraus v. Commissioner, 875 F.2d 597, 602 (7th Cir. 1989), affg. in part, revg. in part a Memorandum Opinion and Order of this Court; Pietanza v. Commissioner, T.C. Memo 1990-524, 1990 Tax Ct. Memo LEXIS 577, 60 T.C.M. 948, 949, T.C.M. (RIA) P90524 at 2565. See also Selwyn Operating Corp. v. Commissioner, 11 B.T.A. 593, 595 (1928) (party requesting reconsideration must "show affirmatively that the failure to ascertain the additional facts prior to the hearing was due to no lack of diligence on his part"). Petitioners have given no explanation as to why Skadden, Arps, Slate, Meagher & Flom was only recently able to provide documents that have been *65 in its possession for the last eight years. Petitioners merely note that they were unable to locate the necessary documents prior to trial and that petitioners' original counsel apparently had the same difficulty. Petitioners correctly note that this Court was inclined to impose sanctions for their original counsel's failure to comply with the Court's order to produce documents. The Court issued that discovery order after original counsel, for almost one year, ignored respondent's request for informal discovery. The case law is clear in its requirement that petitioners make an affirmative showing of due diligence. They have not done so here. For the sake of completeness, we note that even if this Court were to consider the new evidence, particularly document 3, the result in this case would not change. Assuming these documents could be deemed to establish that Mr. Haydon's option was not issued under Solomon Co.'s 1980 Plan, the documents, individually and as a whole, do not establish that the option issued under his employment agreement was issued under a qualified incentive stock option plan. In any event, because the option price ($ 1 per share) is less than the fair market *66 value on the date of grant ($ 1.25 per share), the plan under Mr. Haydon's employment agreement does not meet the requirements of an incentive stock option under section 422A of the Internal Revenue Code. [3]
Moreover, petitioners have not advanced a sufficient reason for giving them a second bite at the apple. Granting a motion for reconsideration or for a new trial rests within the sound discretion of the Court. Vaughn v. Commissioner, 87 T.C. 164, 166 (1986). "A rehearing will not be granted merely because the losing party or his counsel did not exercise prudence or erred in judgment and can probably make a better case or defense on another trial." Selwyn Operating Corp. v. Commissioner, 11 B.T.A. at 594. Accordingly, petitioners' motion for reconsideration of the Court's opinion will be denied, and An appropriate *67 order will be entered. Footnotes
1. Petitioners initially submitted a document entitled "Petition for Extension of Time to File Motion," seeking an enlargement of time to file a motion to vacate decision under Rule 162, Tax Court Rules of Practice and Procedure. That document was filed as petitioners' "Motion for Extension of Time to File Motion for Reconsideration under Rule 161" and was granted. On December 24, 1990, the Court received a document entitled "Motion under Rule 162." Since decision still has not been entered in this case, the motion has been filed as of December 24, 1990, as petitioners' motion for reconsideration under Rule 161↩.
2. All references to petitioner in the singular are to Mr. Haydon.↩
3. Petitioners make a type of estoppel argument against this result, but are really asking this Court to ignore a clear statutory requirement. Sec. 422A(b)(4)↩.