## LIGHTSEY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 3402.

Circuit Court of Appeals, Fourth Circuit.

Feb. 9, 1933.

Clarence A. Miller, of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen. (Sewall Key and Hayner N. Larson, Sp. Assts. to Atty. Gen., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Bruce A. Low, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

### PER CURIAM.

The taxpayer brings up for review a decision of the Board of Tax Appeals wherein it disallowed a deduction for depreciation in the capital assets of Lightsey Brothers, a copartnership, in the computation of the income taxes of the firm for the years 1924 and 1926. The taxpayer was a member of the firm which in 1918 took over the business of a corporation engaged in the manufacture of lumber. In the partnership returns, $10,-000 was claimed for depreciation in the year 1924, and nothing for the year 1926. Disallowance of the deduction for 1924 was recommended by a revenue agent, because the firm maintained no capital accounts from which a computation of depreciation could be made. Near the close of 1927, the partners proceeded to take an inventory of their physical equipment, and the result purported to show that the depreciated cost of the assets as of January 1, 1923, totaled $283,-224.15; and based on this figure, a deduction of $25,069.55 for the year 1924 was claimed by the partnership and recommended by the revenue agent. He seems to have assisted in the preparation of the inventory. The records of the company were incomplete, and it was therefore impossible to compile from them the cost or value of the property when it was acquired by the copartnership in the year 1918. The figure established was based partly upon memory, partly upon invoices and catalogues, and partly upon an examination of the records of another lumber concern doing a somewhat similar business in the neighborhood. The assets had originally been acquired by the preceding corporation in 1911 and 1912, and additions and improvements had been subsequently made; but the copartnership had no record of the dates.

Upon a review of the revenue agent's report by the Timber Section of the Bureau of Internal Revenue, a disallowance of the report was recommended, and a new valuation was prepared. As a result, the Section recommended that a depreciation of $10,000, the amount originally claimed by the partnership, be allowed for 1924, and that for 1926, in which year no claim for deduction had been made, $15,504.07 be allowed. The latter figure was the result of the application of an expert with long experience in similar matters, of the method of computing depreciation, known as the unit of production method, and represented an allowance of $1 per thousand feet of lumber certified by the firm as produced at its mills, including lumber derived from timber not owned by itself. Upon appeal to the Board of Tax Appeals, the action of the Commissioner in allowing the deduction of $15,504.07 for the year 1926 was approved, and the allowance of $10,000 for the year 1924 was increased to $12,267 by applying the same method of computing depreciation. The taxpayer contends that the rejection by the Board of the report of the revenue agent, and its adoption of the calculation of the timber expert, was so plainly arbitrary and capricious as to over-

come the presumption of correctness which attends the determination of a tax by the Commissioner. We do not think that this contention is well founded. The burden is on the petitioner not only to show that the Commissioner's determination was wrong, but also to produce evidence from which another and proper determination could be made. Merchants' Transfer & Storage Co. v. Burnet (C. C. A.) 49 F.(2d) 56, 58; Matern v. Commissioner (C. C. A.) 61 F.(2d) 663, 666. The calculation of the taxpayer is based upon incomplete records and uncertain memory, and we cannot say that the Board abused its function as a finder of facts (Wright v. Commissioner (C. C. A.) 50 F. (2d) 727, 729) when it rejected the figures which the taxpayer presented. In the absence of trustworthy evidence which it devolved upon the taxpayer to produce, the taxpayer has no ground to complain of the action of the Board in adopting the figures prepared by the timber expert, and in making the allowances above mentioned.

The decision of the Board is affirmed.