### SMITH v. GLENN, Collector of Internal Revenue.
### Civil Action No. 878.

District Court, W. D. Kentucky,
at Louisville.
Sept. 12, 1946.

E. J. Wells, of Louisville, Ky., for plaintiff.

David C. Walls, U. S. Atty., of Louisville, Ky., for defendant.

SHELBOURNE, District Judge.

This action was filed March 30, 1945, by the plaintiff, J. B. Smith, against Seldon R. Glenn, Collector of Internal Revenue for the District of Kentucky, to recover two partial payments of $300 each of November 11, 1942, and December 30, 1942, respectively, on an outstanding assessment of income tax, with penalty and interest.

Plaintiff is a resident of Albany, Clinton County, Kentucky, and operates a mercantile establishment, a farming enterprise, and owns and operates the Smith Hotel. The years in which plaintiff's income is involved are 1940 and 1941.

Plaintiff's petition alleges that on June 12, 1942, a Deputy Collector of Internal Revenue prepared plaintiff's income tax return for the year 1941 and showed thereon net income of $8,964.75 and tax liability of $926.60, on which there was assessed a penalty of $122.40 and interest of $12.25, or a total of $1,061.34.

Claiming that the assessment was illegal and erroneous, plaintiff seeks recovery of the $600 paid and originally sought, but has since abandoned his request that $472.-34 remaining unpaid on the 15th day of June 1944 be abated.

It is alleged that under date of June 15, 1944, plaintiff filed his claim for refund on which no action was taken by the Commissioner; that after waiting for six months from the date of filing, he is entitled to maintain this action.

Plaintiff alleges that the assessment was based upon the Deputy Collector's return which showed a net profit of $8,964.75 for the year 1941, although plaintiff actually had a net loss of $2,031.44; and that, therefore, no tax should be assessed for the year 1941.

In the answer of the defendant, it is admitted that the Deputy Collector filed an income tax return for the plaintiff for the year 1941 showing a net income of $8,964.75, and it is alleged that a tax liability of $927.60 was assessed, on which there was a penalty of $139.14, and upon which interest accrued in the sum of $17.-87. These figures aggregate $1,084.61.

The defendant denies that the plaintiff is entitled to recovery of the $600 paid on this assessment.

The case was tried to the Court without a jury.

The plaintiff's claim to recover tax paid on the 1941 assessment is twofold: First, that the return of the Deputy Collector was erroneous in that it disclosed a net income of $8,964.75 in the year 1941 when actually the plaintiff had a net loss in the operation of his business in the sum of $2,031.44; second, that in the year 1940 the plaintiff suffered a net operating loss in the sum of $14,335.31, and was entitled to carry over into the year 1941 all or a sufficiency of this net operating loss to offset any income which he actually had as provided by 26 U.S.C.A. Int.Rev.Code, § 122(a), (b) (2).

Plaintiff recognizes that the law places upon him the burden of establishing that the Commissioner's determination was erroneous; that the tax was illegally assessed; and that this burden must be met by clear and convincing evidence. Reinecke v. Spalding, 280 U.S. 227, 50 S.Ct. 96, 74 L.Ed. 385; Lightsey v. Commissioner, 4 Cir., 63 F.2d 254; Atlas Plaster & Fuel Co. v. Commissioner, 6 Cir., 55 F.2d 802.

A reference to plaintiff's testimony shows a surprising lack of information as to the amount and the source of his income. When interrogated about a loss claimed upon a truck wrecked in 1940, plaintiff said he could not make a statement concerning it—that he had not paid much attention to it, and upon being asked whether the truck had any salvage value,

he said he didn't know, that "the girl took care of my books"; that he was uneducated and couldn't keep up with things. He repeatedly disclaimed any knowledge of the details or figures which made up his income in both years. He introduced a Mr. Quails, who came to Albany in 1940, and entered into a partnership with plaintiff under which they were operating a coffee shop in the hotel owned by the plaintiff. Mr. Quails was asked if he handled and kept the books for plaintiff, to which he replied:

"Only a partial record. Just the records at that time pertaining to the operation of the coffee shop."

Mr. Quails further stated that plaintiff's son, who was his bookkeeper, entered the Armed Services, after which plaintiff had no one to look after the books and that in 1941, he (Quails) kept only the hotel records.

Plaintiff introduced Mrs. Vera Cole, bookkeeper in his mercantile and farming enterprises, who says that she kept the records pertaining to the mercantile and farm business.

■ The evidence from plaintiff and his witnesses lacks that element of clarity and certainty which should enable a court to reject the returns made by the Deputy Collector in 1942, when he had access to plaintiff's records.

■ The return of the Deputy Collector for 1940 establishes a net operating loss of $11,354.48. This loss is shown by deducting from the cost of the hotel ($27,-000) the amount of the insurance ($10,000) and the amount of the 1940 income ($5,-645.52.)

Under the provisions of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 122, plaintiff had the right to carry over such net operating loss to offset his 1941 income. There should, however, be deducted from this loss of $11,354.48, the salvage value of the hotel ($4,975), which would leave a carry-over loss in 1940 of $6,379, which deducted from the net income of 1941 ($8,964.75) would leave a balance of $2,585.27 upon which plaintiff's 1941 tax should have been calculated after deducting his exemptions. The return made in December 1942 for the year 1941 showed the net income of plaintiff to be $8,964.75.

## Findings of Fact.

1. Plaintiff did not file income tax returns for the years 1940 and 1941. A Deputy Collector of Internal Revenue prepared and filed returns for plaintiff for each of the years, showing for the year 1940 a loss of $11,354.48, and for the year 1941 net income of $8,964.75, with a resultant tax liability of $926.60, penalty of $112.49 and interest of $12.25.

2. The salvage value of the hotel was $4,975.

3. Plaintiff paid $600 on this assessment and seeks recovery of $300 with interest from November 11, 1942, until paid, and $300 with interest from December 30, 1942, until paid.

4. On June 15, 1944, plaintiff filed claim for refund, on which the Commissioner took no action.

## Conclusions of Law.

■ 1. This suit was timely filed and the Court has jurisdiction.

2. Plaintiff has the burden of establishing by clear and convincing evidence that the Commissioner's determination of the tax was erroneous and that the tax was illegally assessed.

3. Plaintiff has not carried the burden of establishing by clear and convincing evidence that the Commissioner's determination of the tax was erroneous.

4. Plaintiff's income tax return for the year 1940 establishes a net operating loss of $6,379.48, which under the provisions of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 122, he is entitled to carry over to offset his 1941 income.

## Judgment.

Judgment may be prepared and entered in accordance with the above memorandum.