MARY CONRON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Conron v. Commissioner
Docket No. 8388-73.
United States Tax Court
T.C. Memo 1975-326; 1975 Tax Ct. Memo LEXIS 48; 34 T.C.M. (CCH) 1423; T.C.M. (RIA) 750326; November 4, 1975, Filed *48 Mary Conron, pro se. Larry K. Akins, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: The respondent determined that the petitioner is liable for deficiencies and additions to tax as follows: Addition Taxable Year
Deficiency
to the Tax
1969
$372.63
$18.63
1970
941.68
47.08
1971
558.80
27.94
The issues for our decision are: 1. The extent to which various business and rental expenses are deductible by the petitioner; and 2. Whether the petitioner is liable for an addition to the tax for negligence or intentional disregard of rules and regulations pursuant to section 6653(a) [1] for the taxable years 1969, 1970, and 1971. FINDINGS OF FACT Some of the facts have been stipulated by the parties. Such facts and the exhibits attached thereto, are incorporated herein by this reference. The petitioner filed individual Federal income tax returns for the taxable years 1969, 1970, and 1971, with the District Director of Internal Revenue, St. Louis, Missouri, using the cash method *49 of accounting. At the time of the filing of the petition herein, the petitioner resided in Kansas City, Missouri. For the taxable years 1969, 1970, and 1971, the petitioner, a self-employed professional artist, rented a house in Bedford, New York, for $900, $1,075, and $1,075, respectively. During these years, however, she resided there with her brother only from January 1 to October 1, 1969, during which time she used part of the house as her studio. On October 1, 1969, the petitioner and her brother moved from Bedford to Kansas City, Missouri, and occupied the lower half of a house the petitioner had bought in April 1968 as an investment. The house consisted of two separate living units, one upstairs and one downstairs. The basis of the house for depreciation purposes was $22,622 and the useful life was 15 years. At the time the petitioner purchased the house the lower half was vacant and the upper half was being rented at a rental of $90 per month. The petitioner moved to the Kansas City house in order to dispossess her tenant and to put the house in a rentable condition. Although she always intended to return to Bedford, and for that to be her permanent residence, the petitioner *50 remained in Kansas City from October 1969 throughout the taxable years 1969 to 1971, inclusive. The upper half of the Kansas City house was rented for only the first nine months of 1969, during which time the petitioner received only $55 of rent. Although she held the upper half of the house as rental property for the years 1970 and 1971, during these years neither half of the house was rented or leased. For the taxable year 1969, the petitioner deducted certain expenses relating to the house she rented at Bedford, certain expenses relating to the house she owned in Kansas City and various miscellaneous business expenses. In his notice of deficiency the respondent disallowed a part or all of each expense claimed as being personal, as not being an ordinary and necessary expense or as being unsubstantiated. As a result of evidence elicited at the hearing, the respondent agreed to allow certain additional amounts, as reflected in the following schedule: Additional Expense
Claimed
Disallowed
Amounts Allowed
Bedford House
Rent
$ 900.00
$ 512.50
$0
Repairs
610.00
400.00
0
Telephone
249.48
124.74
0
Oil and Electricity
461.78
230.89
0
Lawn and Snow
240.00
240.00
120.00
Kansas City House
Real Estate Taxes
721.09
360.54
360.54
Oak Meyer Association
65.79
65.79
65.79
Utilities
317.69
317.69
317.69
Labor and Materials
570.15
285.08
285.08
Depreciation
1,344.67
590.60
0
Miscellaneous
Interest
1,997.36
1,997.36
1,997.36
Pictures Donated for
Publicity
500.00
500.00
250.00
*51 The respondent also disallowed a net operating loss carryover to the taxable year 1969 resulting from an interest payment the petitioner made in 1967, which has now been settled. For the taxable year 1970, the petitioner deducted certain expenses relating to the house she rented at Bedford, certain expenses relating to the house she owned in Kansas City, and various miscellaneous business expenses. In his notice of deficiency, the respondent disallowed a part or all of each expense claimed as being personal, as not being an ordinary and necessary business expense, or as being unsubstantiated. As a result of evidence elicited at the hearing, the respondent agreed to allow certain additional amounts, as reflected in the following schedule: Additional Expense
Claimed
Disallowed
Amounts Allowed
Bedford House
Rent
$1,075.00
$1,075.00 $ 0
Insurance
76.00
76.00
0
Custodian
225.00
225.00
0
Oil
214.46
214.46
0
Electricity
114.57
114.57
0
Kansas City House
Telephone
228.13
114.07
0
Real Estate Taxes
723.95
723.95
723.95
Oak Meyer Association
74.09
74.09
74.09
Utilities
578.54
578.54
0
Insurance
128.00
128.00
64.00
Lawn and Snow
220.25
220.25
0
Upkeep and Labor
1,062.00
1,062.00
241.75
Repairs, Painting
and Guttering
1,483.00
1,483.00
781.02
Wallpaper
50.00
50.00
50.00
Depreciation
1,386.00
1,386.00
754.07
Miscellaneous
Art Materials
520.00
520.00
520.00
Interest
1,756.72
1,756.72
2,384.23
Pictures Donated for
Publicity
500.00
500.00
0
*52 For the taxable year 1971, the petitioner deducted certain expenses relating to the house she rented at Bedford, certain expenses relating to the house she owned in Kansas City, and various miscellaneous business expenses. In his notice of deficiency the respondent disallowed a part or all of each expense claimed as being personal, as not being an ordinary or necessary business expense, or as being unsubstantiated. As a result of evidence elicited at the hearing, the respondent agreed to allow certain additional amounts, as reflected in the following schedule: Additional Expense
Claimed
Disallowed
Amounts Allowed
Bedford House
$1,075.00
$1,075.00 $ 0
Rent
706.00
706.00
0
Repairs
203.00
101.50
0
Telephone
522.00
522.00
0
Custodian
317.00
317.00
0
Oil
103.00
103.00
0
Electricity
240.00
240.00
0
Lawn and Snow
Kansas City House
Real Estate Taxes
730.00
730.00
730.00
Utilities
469.00
469.00
0
Insurance
128.00
128.00
64.00
Repairs and Labor
1,551.00
1,551.00
607.38
Depreciation
1,386.00
1,386.00
754.07
Miscellaneous
Interest
1,623.00
1,623.00
2,144.49
Legal and Professional
1,680.00
1,680.00
0
Pictures Donated for
Publicity
250.00
250.00
0
*53 The respondent, in his notice of deficiency, determined that part of the underpayment of tax on the petitioner's income tax returns for the taxable years 1969, 1970, and 1971 was due to negligence and intentional disregard of respondent's rules and regulations. He accordingly asserted additions to tax for those years pursuant to section 6653(a). OPINION The petitioner resided in Bedford, New York, from January 1 to October 1, 1969, during which time she was a self-employed artist. Due to difficulties with her tenant and for other reasons, on October 1, 1969, the petitioner and her brother moved from the Bedford house to the lower half of a house she owned in Kansas City, Missouri. The upper half of the Kansas City house was rented for the period January 1 to approximately October 1, 1969, during which time the petitioner collected $55 gross rent. Although the petitioner and her brother have continuously resided in the lower half of the Kansas City house since October 1, 1969, the petitioner continued to rent the house in Bedford, intending to return there. On her income tax returns for the taxable years 1969, 1970, and 1971, the petitioner deducted various expenses as business *54 expenses and as expenses incurred in the production of income. The respondent disallowed some of the deductions claimed either as being personal, not ordinary and necessary or as being unsubstantiated. The burden is on the petitioner not only to show that the respondent's determination is wrong, but also to produce evidence from which another and proper determination can be made. Welch v. Helvering,290 U.S. 111 (1933); Lightsey v. Commissioner,63 F.2d 254 (4th Cir. 1933), affg. a Memorandum Opinion of this Court; Rule 142(a), Tax Court Rules of Practice and Procedure.
Since the petitioner was not represented by counsel, the Court undertook to assist her in the presentation of her case. Wherever substantiated, the Court requested and the respondent agreed at the hearing to allow an additional amount as a deduction. The remaining amounts which were not allowed at the hearing do not qualify as deductions either because the petitioner was not able to substantiate such amounts or because no business purposes could be established. In addition, the petitioner did not produce any evidence from which the Court is able to find that no part of the underpayment *55 of tax in the petitioner's income tax returns for the taxable years 1969, 1970, and 1971, was due to negligence or intentional disregard of the respondent's rules and regulations. Accordingly, a decision will be entered in accordance with the findings herein. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩