JOSEPH M. SARZEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
SARZEN v. COMMISSIONER
Docket No. 1438-77.
United States Tax Court
T.C. Memo 1978-513; 1978 Tax Ct. Memo LEXIS 5; 37 T.C.M. (CCH) 1853-4; December 27, 1978, Filed *5 Held, Amount of miscellaneous deductions determined. Joseph M. Sarzen, pro se. W. Robert Abramitis, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined deficiencies in petitioner's income taxes for the following years and in the following amounts: Taxable Year Ended
Amount
December 31, 1973
$ 3,525.60
December 31, 1974
1,833.95
TOTAL
$ 5,359.55
These deficiencies stem from respondent's disallowance of certain of petitioner's claimed deductions. No concessions have been made by either party. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, *7 together with the exhibits attached thereto, are incorporated herein by this reference. Petitioner, Joseph M. Sarzen, timely filed his 1973 and 1974 Federal income tax returns with the internal revenue service at Chamblee, Georgia. At the time he filed his petition herein, petitioner's legal residence was in Fort Lauderdale, Florida. During the years 1973 and 1974, petitioner was a self-employed real estate salesman. Petitioner had gross income in 1973 of $54,307.70, including $46,307.70 in gross self-employment receipts. In 1974 petitioner had gross self-employment receipts of $19,598.70. Petitioner has the calendar year as his tax accounting period and we assume that he is on a cash basis of accounting. In October, 1973 the carport at petitioner's house was damaged by a windstorm. The carport was insured under a homeowner's policy issued by the Central Mutual Insurance Company (Central) for damages up to $1,900. The carport was damaged to such an extent that its wreckage constituted a nuisance to the adjoining landowners. Petitioner was eventually forced to have the remains of the carport removed from his land. Central offered to settle petitioner's claim for the carport *8 for $560.83. Petitioner rejected that offer and filed suit in the County Court of Broward County, Florida for $1,500 plus costs. Petitioner later settled the case out of court for $598.83, i.e., the original offer in settlement, plus $38 for petitioner's court costs.Petitioner claimed a $3,600 casualty loss for the carport on his 1973 return. Respondent allowed $2,501.00 of this amount by attributing to the carport a value of $3,200 [1] and then deducting from this amount (1) petitioner's $598.83 (rounded to $599) settlement for his claim against Central, and (2) the section 165(c)(3), I.R.C. 1954, $100 floor: $3,200.00 + (599.00) + (100.00) = $2,501.00 Also on his 1973 return, petitioner deducted $500 as a cost of searching for an attorney to handle a law suit he planned to prosecute. Petitioner attributed this amount to loss of income, and car expenses while he sought an attorney. Respondent disallowed this deduction *9 in full. On his 1973 income tax return, petitioner claimed a deduction in the amount of $5,010 for child and dependent care expenses. This deduction related to petitioner's daughter, Patricia, who was born February 15, 1953 and was a full time student at Florida Atlantic University during 1973. The claimed deduction was comprised of two items: $65 per week for 52 weeks (for a total of $3,380) representing Patricia's general living expenses for the year, and (2) $1,630 for her tuition, books, and miscellaneous college expenses. Respondent disallowed this deduction in full. The final set of deductions disallowed by respondent relate to petitioner's business of selling real estate. For his taxable year ended December 31, 1973 petitioner claimed $22,468.70 as a deduction for business expenses. Of this amount respondent allowed $11,966.17. Chart I, set out below, shows only those items for 1973 which are in issue: CHART I Amount Item
Description
Claimed
Allowed
Disallowed
1
Auto expenses
$ 4,050.00
$3,067.30
[ 982.70)
2
Motels and taxis
450.00
250.00
( 200.00)
3
Business promotion
3,000.00
1,300.00
(1,700.00)
(i.e. entertainment,
etc.)
4
Office in home
7,800.00
180.17
(7,619.83)
TOTAL
$15,300.00
$4,797.47
[10,502.53)
*10 In 1974 petitioner deducted $14,478.19 for business expenses, of which respondent disallowed $6,469.83. The deductions in issue are set out below in Chart II: CHART II Amount Item
Description
Claimed
Allowed
Disallowed
1
Tolls $ 200.00
0
( $ 200.00)
2
Tips
350.00
0
( 350.00)
3
Auto expenses
2,250.00
$1,350.00
( 900.00)
4
Motels and taxis
300.00
200.00
( 100.00)
5
Business promotion
1,500.00
0
( 1,500.00)
6
Office in home
3,600.00
180.17
( 3,419.83)
TOTAL
$8,200.00
$1,730.17
($6,469.83)
During the years in issue petitioner's house had a cost basis of $16,000, and, when new, had a useful life of 33 years. At all relevant times petitioner used one of the house's 6 rooms entirely as an office. Petitioner also incurred an average utility bill of $40 per month for the house during the years in issue and paid $121 per year for insurance thereon. Respondent explained at the trial herein that he had allowed the above shown auto expense deductions on the basis of certain repair bills and odometer readings. No evidence was introduced by either party on this issue. OPINION Petitioner has the burden of *11 proof with respect to the deductibility of the expenditures here in issue. Welch v. Helvering,290 U.S. 111, 115 (1933), Rule 142(a), Tax Court Rules of Practice and Procedure. The burden is on petitioner not only to show that respondent is wrong, but also to produce evidence from which another and proper determination can be made. Lightsey v. Commissioner,63 F.2d 254, 255 (4th Cir. 1933). In attempting to carry this burden, petitioner's opinion with respect to the value of his own property is admissible; his lack of expertise in valuing property and his interest in the case go merely to his testimony's weight. Berkshire Mutual Insurance Company v. Moffett,378 F.2d 1007, 1011 (5th Cir. 1967); K. Redden and S. Saltzburg, Federal Rules of Evidence, Rule 701, p. 222 (1975). If we find that petitioner suffered a casualty loss deduction with respect to his carport, but are not convinced by valuation evidence presented, we must estimate the amount of the loss as best we can from the record. Cohan v. Commissioner,39 F.2d 540, 543, 544 (2nd Cir. 1930). Petitioner's carport was totally destroyed by a windstorm *12 in 1973. Its remains later had to be removed from petitioner's land because they constituted a nuisance to surrounding landowners. Petitioner deducted $3,600 for this loss on his income tax return for his taxable year ended December 31, 1973. [2] Respondent allowed him a net loss deduction of $2,501, based on an estimated date-of-loss fair market value of $3,200. No evidence was introduced by either party with respect to the carport's date-of-loss adjusted basis. Respondent, apparently, proceeded on the basis that the carport's adjusted basis as of the date of loss exceeded its fair market value on that date. Section 1.165-7(b)(1), Income Tax Regs. Respondent derived the $3,200 figure from a contract petitioner signed with a local construction company. By the terms of this contract, which was later rescinded by petitioner, the contractor was to replace petitioner's carport for $3,200. Petitioner rescinded this contract, however, because the construction company kept adding on charges which increased the contract price beyond the $3,200 stated therein. This indicates to us that the contract did not state the real cost to petitioner of replacing the carport. Petitioner's estimate *13 of $3,600 as his loss is a reasonable one. Respondent introduced no evidence on the carport's value other than the cancelled contract. We find from all the evidence that petitioner has carried his burden on this issue, and that his carport had a fair market value of $3,600 when it was totally destroyed by a windstorm in 1973. We also, along with the parties hereto, assume that the carport's basis exceeded this fair market value figure on the loss date. We note that, while respondent reduced petitioner's casualty loss deduction by $599, i.e., the full amount of petitioner's recovery from Central rounded to the nearest dollar, $38 of his recovery was for reimbursement of petitioner's court costs. This $38 was certainly not received by petitioner in respect to his loss and cannot be used to reduce the amount of his loss deduction on the carport. Thus, respondent should reduce the $3,600 loss incurred by petitioner by $561, and then apply the $100 section 165(c)(3) loss floor. The next item of inquiry is petitioner's deduction of $500 for loss of income and other expenses incurred *14 in searching for an attorney to prosecute a cause on his behalf. Petitioner has not carried his burden of proof here. Deductions from income of amounts the petitioner might have earned had he been doing something else with his time are simply not provided for by the Code. Petitioner introduced no evidence with respect to what other items might constitute the $500 figure. Thus we disallow the deduction in full. The third item for discussion is petitioner's deduction of $5,010 for "dependent and child care" in 1973 for moneys paid for his 20 year old daughter's support and educational expenses. Petitioner claimed this deduction as being allowable under section 214, [3] which was repealed for all taxable years beginning after 1975. Respondent disallowed the deduction as not falling within that section. Section 214 is, on its face, inapplicable to support and college tuition payments made to an independent 20 year old "child." This deduction is disallowed in full. *15 The final set of deductions in issue are those claimed by petitioner for business expenses. Petitioner's "business promotion" expenditures were described by petitioner on his returns as being for "entertainment, favors, bar, restaurant." It is clear that, before any of petitioner's claimed "business promotion" deductions (including those for "tips") or any of his motel and taxi deductions or "toll" deductions can be allowed, petitioner must show that they qualify for deductions under section 162 or section 212, and satisfy the substantiation requirements of section 274(d). Section 274 supercedes the doctrine of Cohan v. Commissioner,supra, with respect to any expenditure covered by that section. Section 1.274-5(a), Income Tax Regs. Section 274(d) says in relevant part: Section 274(d) Substantiation Required. -- No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an *16 activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. * * * Petitioner has utterly failed to satisfy the substantiation requirements of section 274(d) with respect to these deductions. We thus hold that respondent correctly determined the amount of petitioner's business promotion, motel and taxi, tips, and toll deductions for both years in issue. With respect to petitioner's claimed home-office deductions, it is respondent's view that petitioner's claims were simply overstated. Respondent determined the amount allowable for this deduction by attributing to the petitioner's house a cost basis of $16,000 and a 33 year useful life. Respondent then determined that it would be reasonable for petitioner to use one of the six rooms *17 in his home 100 percent for an office. To this amount respondent added an allowance of $40 per month for utilities and $121 per year for insurance as additional deductible expenses. The result of those calculations was a total yearly office-in-home deduction for petitioner of $180.17. Petitioner, on the other hand, had determined the amount of his home-office deduction by taking into account, among other factors, his yearly income, the rent he could have received for the house if he had rented it out, and the fact that he had not depreciated it for all the taxable years he had owned the house. Petitioner also testified that he used the entire house as an office. Petitioner introduced no evidence upon which we could base allowances to him of home-office deductions in excess of amounts determined by respondent. We have found as a fact that petitioner's home had a cost basis to petitioner of $16,000 and a useful life of 33 years when new. We agree with and accept respondent's other adjustments as well. But while we agree with respondent's premises, our calculations show that the proper deductions should be $180.97. [4] We thus allow petitioner a home-office deduction of $180.97 *18 for each of the taxable years in issue. No evidence was introduced by petitioner upon which we could base increased allowances for his automobile expenses. We believe respondent's determination with respect to these deductions was reasonable. Thus, we hold with respondent on these deductions for each of the years in issue. On his returns for 1973 and 1974 petitioner had reported wage income in the respective amounts of $46,307.70 and $19,598.70. Respondent changed this treatment in his statutory notice of deficiency asserting that said amounts, representing commission income to petitioner, were received by him as a self-employed salesman. No issue was made of this adjustment at trial or on brief by petitioner and we sustain respondent on this point. Decision will be entered under Rule 155.
Footnotes
1. This $3,200 figure used by respondent was the contract price quoted by a local construction firm to replace the carport in a contract signed by petitioner. As is noted below, however, this contract was never carried out and was rescinded by petitioner.↩
2. Petitioner's deduction was under sec. 165(c)(3)↩ which allows casualty losses to individuals.
3. SEC. 214. EXPENSES FOR HOUSEHOLD AND DEPENDENT CARE SERVICES NECESSARY FOR GAINFUL EMPLOYMENT (a) Allowance of Deduction. -- In the case of an individual who maintains a household which includes as a member one or more qualifying individuals (as defined in subsection (b)(1)), there shall be allowed as a deduction the employment-related expenses (as defined in subsection (b)(2)) paid by him during the taxable year. (b) Definitions, Etc. -- For purposes of this section -- (1) Qualifying Individual. -- The term "qualifying individual" means-- (A) a dependent of the taxpayer who is under the age of 15 and with respect to whom the taxpayer is entitled to a deduction under section 151(e), *** (2) Employment-Related Expenses.--The Term "employment-related expenses" means amounts paid for the following expenses, but only if such expenses are incurred to enable the taxpayer to be gainfully employed: (A) expenses for household services, and (B) expenses for the care of a qualifying individual. Sec. 152(a)(1) includes a daughter of the taxpayer in its definition of "dependent."↩
4. [$16,000/33 + (12 X $40) + 121] X 1/6 = $180.97↩