DANTE J. and KATHLEEN M. CHERUBINI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cherubini v. Commissioner
Docket No. 7843-76.
United States Tax Court
T.C. Memo 1978-512; 1978 Tax Ct. Memo LEXIS 4; 37 T.C.M. (CCH) 1853; T.C.M. (RIA) 78512; December 27, 1978, Filed *4 Held, petitioner failed to prove amounts claimed as automobile expenses under sec. 162 were expended for business purposes. Held further, petitioner is not entitled to deductions for automobile and garage depreciation. Held further, personal use of the corporate automobile resulted in a constructive dividend to petitioner. Held further, petitioner failed to satisfy the sec. 274 requirements with respect to amounts claimed as entertainment expenses. David M. Buda, for the petitioners. Andrew M. Winkler, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent, on May 19, 1976, issued a statutory notice in which he determined deficiencies in petitioners' Federal income taxes as follows: Taxable Year Ended
Deficiency
Dec. 31, 1971 $ 520.85
Dec. 31, 1972
2,993.49
Dec. 31, 1973
4,110.87
Dec. 31, 1974
733.93
$ 8,359.14
After concessions by the parties the following issues remain for our determination: (1) the proper amount deductible as automobile expense for petitioners' taxable years 1971 and 1972, (2) whether petitioners are entitled to deductions for automobile depreciation for their taxable years 1972 and 1973, (3) whether petitioners are entitled to deductions for garage depreciation for their taxable years 1971 and 1972, (4) whether personal use by petitioners of the corporate automobile in 1973 resulted in a constructive dividend, (5) the proper amount deductible as convention and entertainment expense for petitioners' taxable year 1972. FINDINGS OF FACT Some of the facts have been *6 stipulated and are so found. The stipulation of facts, supplemental stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners, Dante J. Cherubini and Kathleen M. Cherubini, husband and wife resided in Zanesville, Ohio at the time of filing the petition herein. Petitioners filed joint Federal income tax returns for their taxable years 1971, 1972, 1973 and 1974 with the district director of internal revenue, Cincinnati, Ohio. Petitioner Kathleen M. Cherubini is a party to this action only because she joined in the filing of the returns and, accordingly, Dante J. Cherubini will hereinafter be referred to as petitioner. Petitioner is a dentist who operated his dental practice as a sole proprietorship during the calendar year 1971 and during a portion of the calendar year year 1972. During the latter year he incorporated his practice in Ohio under the name of D. J. Cherubini, D.D.S., Inc. (hereinafter the corporation). The dental office was located in Zanesville, Ohio throughout the calendar years in issue. Petitioners claimed deductions for automobile expenses on their 1971 and 1972 returns in the respective amounts of $ 772.32 *7 and $ 1,004.28 for mileage driven by petitioner in connection with his dental practice. The former amount was calculated on the basis of 8,369 miles at a cost of 12 cents per mile. Petitioners did not maintain a contemporaneous record of actual mileage driven. The bulk of the alleged business mileage claimed by petitioners is for mileage driven by petitioner between his home and office, normally two round trips per day. Petitioner's principal reason for going home at the noon hour was "to have lunch." His principal reason for going home in the evening was because "[it] was just the end of the day. I was just going home." Petitioner was driving a 1970 Dodge Challenger in 1971 and 1972. On November 17, 1972 he purchased a 1973 Dodge Monaco Station Wagon for a total cost of $ 6,333.70. On December 1, 1972 petitioner leased the latter automobile to the corporation for $ 190.01 per month for a 24-month term. Throughout the period that the Dodge Monaco was leased to the corporation it was available for the exclusive use of petitioners. It was used for their personal driving. Petitioners claimed depreciation on the automobile driven for the alleged business mileage for their *8 taxable years 1972, 1973 and 1974 and on the portion of the garage deemed to house such car for their taxable years 1971 through 1974. Respondent disallowed the depreciation and mileage deductions for all 4 taxable years. He also found that the personal use by petitioners of the corporate automobile in 1973 resulted in a constructive dividend. Petitioners concede that depreciation was properly disallowed on the automobile for their taxable year 1974 and on the garage for their taxable years 1973 and 1974, as well as the portion of 1972 after petitioner incorporated his dental business. Petitioners claimed a $ 1,608.78 deduction on their 1972 return for alleged convention and entertainment expenses. Respondent disallowed the total deduction. Respondent has since conceded that $ 341.19 of that amount is allowable and petitioners have conceded that $ 596.75 was properly disallowed, leaving in dispute the balance of $ 670.84. OPINION Petitioner has made an attempt to deduct, under section 162, I.R.C. 1954, amounts for mileage and depreciation on an automobile and depreciation on the portion of his garage used to house the automobile. The mileage accrued primarily on daily *9 trips between petitioner's office and home. Petitioner contends that because he maintained a second office in his home such mileage is business related. Section 262 disallows deductions for personal expenses unless expressly provided for elsewhere in the Code. Petitioner testified that, although he did work both at lunch and in the evenings, his primary purpose for returning home was "to have lunch" and because "[it] was just the end of the day. I was just going home." A taxpayer must bear the expense of commuting between his home and his work. Fausner v. Commissioner,413 U.S. 838, 839 (1973). Because petitioner would have made these trips in any event he incurred no additional expense in traveling between his primary office and his home office. Mazzotta v. Commissioner,57 T.C. 427, 429 (1971), affd. 465 F.2d 1399 (2d Cir. 1972).
Petitioner attributes the remainder of the mileage claimed to trips to a laboratory and a bank. However, he admits that at times either he or the office personnel ran such errands on their way home from work. He has presented no credible evidence upon which a calculation of business mileage can *10 be based. Therefore, based on all the facts and circumstances entered on the record, we find that petitioner has failed to carry his burden f proof with respect to the section 162 deduction claimed for business mileage and the attendant depreciation deductions. Welch v. Helvering,290 U.S. 111, 115 (1933). Respondent determined that petitioners' use of the corporate automobile in 1973 resulted in a constructive dividend. Respondent bases his determination on American Properties, Inc. v. Commissioner,28 T.C. 1100, 1115 (1957), affd. 262 F.2d 150 (9th Cir. 1958), wherein we found that corporate expenditures which personally benefited its shareholders constitute dividends to them. The amount of such dividend is the fair market value of the benefit to the shareholder. Challenge Mfg. Co. v. Commissioner,37 T.C. 650, 663 (1962). Petitioners have conceded that the corporate automobile was available for their exclusive use. Petitioner testified that it was used for personal driving, including vacations and trips made in connection with their hobby. Based on all the facts and circumstances in the record we find for respondent *11 on this issue. The remaining issue before us is the deductibility, under section 162, of amounts claimed as entertainment and convention expenses. Because of the typically nonbusiness nature of such expenses a deduction will not be allowed under section 162 unless we find that petitioner has satisfied the substantiation requirements of section 274(a) and (d). [1]
*12 Petitioner has supplied us with some names, dates, and possible business affiliations of the persons entertained. However, he has failed to substantiate the specific business purpose served by each expenditue. Hearn v. Commissioner,36 T.C. 672, 674 (1961), affd. 309 F.2d 431 (9th Cir. 1962). Those entertained were admittedly personal friends and his wife frequently accompanied him on these occasions. We are not reassured by examining petitioner's sketchy notebooks containing erasures. Therefore, we find for respondent on this issue.
In view of the record in this case and petitioner's appearance on the witness stand, we are convinced that petitioner did more than resolve all reasonable doubts in his favor. He crossed that line into the shadowy area where his asserted deductions were, at least in part, so tenuous that he is fortunate that respondent did not impose an addition to tax for negligent disregard of rules and regulations prescribed by section 6653(a). Decision will be entered under Rule 155.
Footnotes
1. SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. (a) Entertainment, Amusement, or Recreation.-- (1) In General.--No deduction otherwise allowable under this chapter shall be allowed for any item-- (A) Activity.--With respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, unless the taxpayer established that the item was directly related to * * * the active conduct of the taxpayer's trade or business * * *
and such deduction shall in no event exceed the portion of such item directly related to * * * the active conduct of the taxpayer's trade or business. * * *
(d) Substantiation Required.--No deduction shall be allowed-- * * *
(2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity * * * * * *
unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the * * * entertainment, amusement, recreation, or use of the facility * * * (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility * * *.↩