MARSHALL LONG AND BETTY C. LONG, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9088–76.    Filed February 5, 1979.

*Daniel C. Weary* and *Dennis P. Wilbert,* for the petitioners.
*Larry K. Akins,* for the respondent.

SUPPLEMENTAL OPINION

TIETJENS, *Judge:* Petitioners have filed a motion for reconsideration of findings and opinion under Rule 161, Tax Court Rules of Practice and Procedure, requesting us to reconsider our opinion in *Long v. Commissioner,* 71 T.C. 1 (1978). The facts in *Long* are detailed, so a brief recitation of them may be helpful.

Petitioner Marshall Long, as the beneficiary of an estate, claimed certain unused capital loss carryovers of the estate upon its termination. The estate was the successor to the decedent's interest in a partnership. Most of the losses claimed by petitioner were the result of a liquidation of the partnership interest. Disputing certain adjustments made by the estate to its basis in its partnership interest, respondent disallowed the losses. The estate had claimed increases in its basis to reflect what it considered to be its assumption of partnership liabilities. Among other things, we held that the estate was entitled to an increase in basis for payment of partnership liabilities, but not for any contribution from the estate's partner, Robert Long, which was applied towards satisfaction of those liabilities.

Petitioners object to that portion of our opinion prohibiting the estate from taking a basis increase for Robert Long's

contribution. They contend first that the record clearly indicates that the estate did not obtain from Robert any contribution whatsoever towards partnership liabilities. Alternatively, they contend that there is no authority to support our treatment of Robert's contribution as a reduction in the estate's claimed increase in basis. Finally, they argue that the treatment of Robert's contribution was not previously raised, and that they have therefore been prejudiced by our decision on that ground.

Petitioners' first contention is purely factual. Although the record was incomplete on this point, it clearly indicated that the estate did in fact receive at least some contribution from Robert for his share of partnership liabilities. Robert was not only the estate's partner, but also one of its beneficiaries. His distributive share of the estate was definitely applied to offset his share of partnership liabilities. We were unable, however, to determine the exact amount of Robert's contribution. We therefore concluded reluctantly that Robert contributed his full share of partnership liabilities.

Petitioners have the burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure. They must not only show that respondent's determination was wrong, but also produce evidence from which another and proper determination could be made. *Lightsey v. Commissioner,* 63 F.2d 254 (4th Cir. 1933), affg. a Memorandum Opinion of this Court; *Parker v. Commissioner,* 14 B.T.A. 1185 (1929). Petitioners failed to produce evidence sufficient for us to make a determination of the exact amount of Robert's contribution. Again, we are certain that there was a contribution, at least to the extent of Robert's distributive share of the estate. In its order of final settlement, the probate court noted that Robert was not taking his share of the estate because it was used to offset his share of partnership liabilities. And we are equally certain that his share had substantial value. In the *final* estate distribution, Robert's cobeneficiaries each received assets valued in excess of $190,000. Absent evidence indicating the exact amount of Robert's contribution, we must still conclude that he contributed his full share.

Petitioners also contend that our holding on the effect of the offset is incorrect. The partnership was liquidated on November 13, 1969. On December 18, 1969, the probate court entered its order in which it noted that Robert's share of the liabilities

should be treated as an offset against his distributive share of the estate. Petitioners argue that at the time of the offset, the partnership was liquidated, the loss was fixed, and the transaction was closed. Thus, in their motion, they state that we have effectively allowed a retroactive adjustment to basis.

We think that petitioners' position ignores the substance of the transactions. The estate did not actually pay for all the partnership liabilities. As already explained, Robert's distributive share of the estate was used to offset his share of the liabilities. Although the partnership liabilities were paid for with "estate" funds, part of those funds—to the extent of Robert's distributive share—belonged to him. We cannot allow a basis increase to one partner for partnership liabilities actually assumed by another partner. See *Austin v. United States*, 461 F.2d 733 (10th Cir. 1972). See also sec. 1.752–1(a)(2), Income Tax Regs. Moreover, we do not think that the timing of the probate court's order after formal liquidation of the partnership should control the tax consequences here. The estate at all times had complete dominion and control over Robert's share of the estate and, to the extent of that share, was virtually guaranteed contribution. Thus we do not view this as a series of separate transactions beginning with the payment of partnership liabilities by the estate and ending much later with the reimbursement by Robert. Rather, we believe the estate was paying those liabilities with its own and Robert's funds and thus on its own and Robert's behalf.

Finally, petitioners argue that the issue of Robert's contribution was not previously raised by respondent or discussed in the briefs before this Court, and that they have therefore been prejudiced. These arguments are totally meritless. First, we must emphasize that petitioners were well aware of the facts concerning Robert's contribution. Their petition affirmatively alleges at paragraph 5 that Robert's indebtedness for his share of partnership liabilities was treated as an offset against his distributive share of the estate. Second, in respondent's brief at page 20 and petitioners' reply brief at pages 15 and 16, the parties discuss the tax consequences of the estate's right to reimbursement from Robert. We fail to understand how petitioners were prejudiced by our consideration of the effect of Robert's contribution when they even argued it on brief.

A party is entitled to have his day in court; both parties are entitled to this, but neither party is entitled to have more than one fair, reasonable opportunity to establish his claim or defense. To allow more would be to protract litigation to the extent which would preclude the administration of justice. [*Selwyn Operating Corp. v. Commissioner*, 11 B.T.A. 593, 595 (1928).]

The parties cannot try their cases with hindsight.

*An appropriate order will be entered.*