B. MORGAN HEFLIN, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; BRUCE HEFLIN AND MARY HEFLIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent n1
B. Morgan Heflin, Inc. v. Commissioner
Docket Nos. 2945-77, 2946-77.
United States Tax Court
T.C. Memo 1979-62; 1979 Tax Ct. Memo LEXIS 461; 38 T.C.M. (CCH) 255; T.C.M. (RIA) 79062; February 27, 1979, Filed *461 Held, corporate petitioner allowed only a partial deduction for its payment of its sole shareholder's home telephone bills and the shareholder, also a petitioner to this Court, has equivalent dividend income. Heldfurther, individual petitioner not entitled to deduct payments from his corporation in respect of certain laundry expenses. David M. Buda, for the petitioners. Andrew M. Winkler, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency in income tax paid by the individual petitioners for their taxable year ended December 31, 1973 in *462 the amount of $ 509.20. [2] Respondent determined deficiencies in income taxes and an addition to tax for the corporate petitioner's fiscal years ended June 30, 1973 and 1974 as follows: Section 6651(a) Taxable Year Ended
Deficiency
Additions to Tax
June 30, 1973
$ 268.23
$ 78.75
June 30, 1974
378.36
0
$ 646.59
$ 78.75
After concessions by the parties the only issues remaining for our decision are (1) the proper amount allowable to the corporate petitioner as business deductions for its payment of the individual petitioners' home telephone bills, and (2) the deductibility to the individual petitioners of certain laundry expenses. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners Bruce Heflin and Mary Heflin, husband and wife, resided in Columbus, Ohio at all times relevant hereto. The Heflins filed a joint Federal *463 income tax return for their taxable year ended December 31, 1973 with the district director of internal revenue, at Cincinnati, Ohio. Petitioner B. Morgan Heflin, Inc., an Ohio corporation, filed its Federal income tax returns for its taxable years ended June 30, 1973 and 1974 with the district director of internal revenue at Cincinnati, Ohio. All petitioners are on a cash basis of accounting. Petitioner Mary Heflin is a party hereto solely by reason of having filed jointly with her husband. "Petitioner" shall hereinafter refer to Bruce Heflin. Petitioner B. Morgan Heflin, Inc. shall sometimes be referred to as "corporate petitioner". Together petitioner and corporate petitioner shall be referred to as "petitioners". Petitioner is an orthodontist. He formed corporate petitioner in 1971 for the purpose of incorporating his dental practice. Petitioner is the corporation's sole shareholder and also acts as a trustee of the corporation's pension and profit sharing plans. The corporation claimed business telephone expense deductions of $ 556.58 and $ 594.44 for its taxable years ended June 30, 1973 and 1974, respectively. Respondent disallowed $ 231.45 and $ 247.08, respectively, *464 of these amounts. The disallowed amounts represent the total amounts paid by the corporation during its taxable years ended June 30, 1973 and 1974 to or for the benefit of petitioner as reimbursement for the costs of his home telephones. Of the disallowed amounts $ 250.98 was paid by the corporate petitioner during the calendar year 1973. Respondent determined that the entire $ 250.98 amount constituted a dividend to petitioner in his taxable year ended December 31, 1973. Petitioner has conceded that, to the extent we find this disallowed amount or any part of it to be nondeductible to the corporation, he has received a dividend distribution from the corporation. Petitioner was paid $ 360 in 1973 by his corporation--ostensibly to "reimburse" him for his costs of washing one load of the corporation's "patient towels" per week. [3] Between its fiscal year 1973 and 1974 income tax returns the corporation deducted this reimbursement in full. Petitioner did not include any part of this amount in income, but now concedes the corrections of respondent's determination on this issue; however, he seeks an offsetting deduction for the costs of operating the washing machine in his home *465 to do the aforesaid loads. OPINION The burden of proof with respect to the deficiencies herein rests on petitioners. Welch v. Helvering,290 U.S. 111, 115 (1933), Rule 142(a), Tax Court Rules of Practice and Procedure. The burden is on the petitioners not only to show that respondent is wrong, but also to produce evidence upon which another and proper determination can be made. Lightsey v. Commissioner,63 F.2d 254, 255 (4th Cir. 1933). Petitioners have failed to carry this burden. The evidence shows that petitioner's wholly owned corporation paid his home telephone bills in the calendar year 1973. We cannot, on the record before us, find that the amount claimed was paid as ordinary and necessary expenses to the corporation within the meaning of section 162, I.R.C. 1954. [4]
*466 Petitioner claims that the amounts of telephone expenses at issue are properly deductible to the corporation because his home telephones provided a method whereby petitioner's patients could reach him outside normal office hours in the event of an emergency, thereby promoting good health care and petitioner's image in the community. Secondly petitioner claims that the corporation's payments reimbursed him for the expenses of long distance calls he made to ask his father for "information on investments, and for general, financial advice." His father was vice president in charge of finance at the West Virginia University. These calls and that advice were necessary, claims petitioner, because he was a trustee of the corporation's pension and profit sharing plans during the years in issue and petitioner's father was a source of good investment advice. Petitioner goes on to claim that "at least ten percent of the use made of the phone was in furtherance of the Corporation's business." Petitioner's need for investment advice in his capacity as the corporate petitioner's pension and profit sharing plans' trustee cannot, by some alchemy, be rendered a business need of the corporation. *467 The trusts' administrative deductions are not deductible by the corporation. The value to the corporation of the fact that petitioner's telephones were listed and available to his patients is too speculative to allow. Medical emergencies are not a way of life to an orthodontist. The personal benefits to petitioner of the telephones at his residence and the personal uses certainly made thereof far outweigh any business use made of them. While petitioner concedes that 90 percent of the use of petitioner's home telephones did not involve the corporation's business, it is not clear whether he is now claiming that 10 percent of the amounts paid to him by the corporation are deductible, or whether 10 percent of his telephone bill is deductible. According to bills placed in evidence petitioner paid a total of $ 241.48 to the telephone company with respect to his home telephones in 1973. But he caused the corporation to pay him $ 250.98 with respect to his personal telephones during that calendar year. We will apply petitioner's 10 percent figure to the $ 241.48, thereby allowing the corporate petitioner a deduction of $ 24.15. The balance of the amount paid to the petitioner, $ 226.83, *468 represents dividend income to him. Petitioner caused his corporation to pay him $ 360 in the calendar year 1973 as "reimbursement" for petitioner's cost of washing one load of the corporation's patient towels per week in his home washer and dryer. Although petitioner failed to report this amount as income, he has now conceded its includibility therein. Instead of excluding the payment from income, petitioner is now claiming a deduction equal to the payment. We hold that petitioner is not entitled to such a deduction. Petitioner has failed to provide any credible evidence upon which we could base a holding allowing him to deduct any of these purported expenses. Further, petitioner's claim is clearly excessive. If petitioner took two weeks vacation per year he would wash 50 loads. This would yield a per-load claimed deduction of $ 7.20. We do not believe this a realistic claim. [5] We have no hesitancy in holding that no deduction for laundry expenses is available to petitioner. Petitioners have conceded all the other adjustments *469 made by respondent to their incomes for their taxable years in issue, including the correctness of that determination that the corporate petitioner is subject to a 25 percent addition to tax under section 6651(a) for its taxable year ended June 30, 1973. [6]
Decisions will be entered under Rule 155.
Footnotes
2. We granted respondent's Motion for Leave to File Amendment to Answer to Claim Increased Deficiency on April 12, 1978. Respondent thereby increased his claimed deficiency by $ 5.70 from $ 503.50 to $ 509.20.↩
3. The parties stipulated that the payments were actually received by petitioner Mary Heflin.↩
4. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (1) a reasonable allowance for salaries or other compensation for personal services actually rendered ***.↩
5. We would feel uncomfortable on this record applying the rule of Cohan v. Commissioner,39 F.2d 540, 543-544↩ (2nd Cir. 1930).
6. We note that respondent has stipulated that $ 181.62, and not $ 300.40 as is stated in his statutory notice, is includable in petitioner's income due to the corporate petitioner's payment of certain automobile expenses in the calendar year 1973.↩